UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN CLAUSEN,

                Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS et al.,

                Defendants.

3:17-cv-00522-RCJ-CBC

**ORDER**

        Plaintiff Kevin Clausen, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. The matter of the filing fee will be temporarily deferred. The Court now screens the Complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARDS**

        Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous or malicious, fail to state a claim, or seek monetary relief from an immune defendant. *Id.* § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

        When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil

Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers

materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. ANALYSIS

On August 8, 2016, Plaintiff attempted to send legal mail for his state habeas corpus case, with the attached brass slip # 2138663. Defendant R. Jones accepted the mail and signed and dated the brass slip but did not turn it in for processing, in violation of NDOC policies. On September 5, Plaintiff sent a letter to the state court asking if his habeas corpus filing had been received. On September 15, Plaintiff received a letter from the state court stating that his habeas corpus filing had not been received. On October 21, Plaintiff filed an informal grievance regarding the issue. On October 21, Plaintiff received a response from Defendant J. Dutton stating: "(See attached copies from Legal Mail Log)," but no copies of the Legal Mail Log were attached. Dutton knowingly failed to provide copies of the mail log in order to cover up Jones' actions. Jones' failure to send Plaintiff's legal mail "caus[ed] irreparable harm to plaintiffs Habeas Corpus proceeding (State v. Clausen, # CR-15-0196) as plaintiffs [AEDPA] tolling has expired due to the pursuit of this grievance in order to show the courts that 'good cause' exists in order to overcome any timebar issues." Plaintiff sues NDOC, Jones, and Dutton for violations of his right to access the courts and his right to due process.

As an initial matter, the Court dismisses the claims as against NDOC, without leave to amend. Plaintiff cannot sue the State of Nevada or its agencies in federal court absent a waiver. U.S. Const., amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890); *NRDC v. Cal. Dep't of Trans.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993)). The State of Nevada withheld its consent to suit in federal court when it made a limited waiver of immunity to suit in its own courts. Nev. Rev. Stat. § 41.031. Section 5 (the enforcement provision) of the Fourteenth Amendment gave Congress some power to abrogate the states' Eleventh Amendment protection, and Congress immediately

did so via the Enforcement Act of 1871 (the genesis of § 1983), but the State of Nevada and its agencies are not "person[s]" who can be sued under the meaning of that statute. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). The Court will analyze the merits of the claims as against Defendants Jones and Dutton.

### A. Count I – Access to the Courts

Plaintiff alleges Jones denied Plaintiff access to the courts by failing to mail his state habeas corpus filing. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356–57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354–55.

Plaintiff has not alleged having lost a non-frivolous civil claim, i.e., one or more claims in his state habeas corpus case, due to Defendants' actions. His allegations are unclear as to whether he alleges the loss of his state habeas corpus proceeding, the loss of a federal habeas corpus proceeding, or both. The action he identifies (Second Judicial District Court Case CR15-0196) is

4

a state court criminal action against him that was closed when he was sentenced in May 2015, not a habeas corpus action by him. Perhaps Plaintiff means to allege that he attempted to file a habeas corpus action in state court but that it was dismissed as untimely due to Defendants' interference with his mail. But he has not alleged the nature of any non-frivolous claim he meant to pursue, which he must do so the Court can assess whether he has alleged harm under *Lewis*. Perhaps Plaintiff means to allege that he had missed the time to file a state habeas corpus action due to Defendants' actions, and therefore did not bother trying to do so, and that the one-year bar under AEDPA had run in the meantime such that he lost a potential federal habeas corpus claim. But again, Plaintiff has not alleged the nature of any non-frivolous claim he meant to pursue. And Plaintiff could have filed an unexhausted federal habeas corpus petition under 28 U.S.C. § 2254 and obtained a stay and abeyance while he exhausted his state habeas corpus remedies. The Court takes judicial notice of its own docket, which indicates Plaintiff has never filed a § 2254 petition in this Court. Plaintiff also could have filed—and presumably still could file—a federal habeas corpus petition after defaulting on his state habeas corpus remedies, arguing that Defendants' interference with his mail constitutes cause and prejudice excusing the default. There appears never to have been any judicial determination that a putative § 2254 petition is barred by AEDPA due to an unexcused default in state court.

The Court dismisses this claim, with leave to amend. Upon amendment, Plaintiff must clearly indicate the procedural history of any state or federal habeas corpus petitions he has filed, as well as the nature of the underlying claim(s) in the state court habeas corpus petition he submitted to Defendants that they failed to forward.

### B. Count II – Due Process

Plaintiff alleges Dutton violated Plaintiff's due process rights when he knowingly failed to attach the mail log to Plaintiff's grievance response. Prisoners have no stand-alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff fails to state a due process claim against Dutton. Count II is dismissed with prejudice, as amendment would be futile.

///

**C. Amendment**

Plaintiff may attempt to amend Count I. An amended complaint supersedes (replaces) previous versions of a complaint, so an amended complaint must be complete in itself. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff must file the first amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." Plaintiff must file the first amended complaint within twenty-eight (28) days from the date of this Order, or the Court may dismiss Count I with prejudice without further notice.

## CONCLUSION

IT IS HEREBY ORDERED that a decision on the Application to Proceed in Forma Pauperis (ECF No. 4) is DEFERRED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Count I is DISMISSED, with leave to amend within twenty-eight (28) days of this Order.

IT IS FURTHER ORDERED that the Count II is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff the approved form for filing a § 1983 complaint, instructions, and a copy of the Complaint (ECF No. 1-1). Plaintiff must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The Court will screen the amended complaint in a separate screening order, which may take several months. If Plaintiff does not timely file a first amended complaint, the Court may dismiss Count I with prejudice without further notice.

IT IS SO ORDERED.

DATED: This 6th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge